IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HOWARD A. INGRAM, JR.,              )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   1:15CV688
                                    )
BURLEY WILKINS,                     )
                                    )
        Defendant.                  )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant Burley Wilkins' Motion to Set Aside Default [Doc. #13], and Plaintiff Ingram's Motion for Default Judgment [Doc. #10]. Plaintiff has responded to Defendant's Motion to Set Aside Default, and Defendant has filed a reply brief. For the reasons set out below, Defendant's Motion to Set Aside Default should be granted, and Plaintiff's Motion for Default Judgment should be denied.

I.      FACTUAL BACKGROUND

This is an action alleging wrongful termination of Plaintiff from his position as a bus driver for the Greensboro Transit Authority in the city of Greensboro, North Carolina. Plaintiff seeks damages and reinstatement as a bus driver.

On December 9, 2015, Plaintiff filed a Motion for Entry of Default against Defendant Wilkins pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Clerk signed an Entry of Default [Doc. #9] that same day, for failing to file an Answer or otherwise respond to process

served on September 30, 2015. Plaintiff filed his Motion for Default Judgment [Doc. #10] five days later on December 14, 2015. On December 18, 2015, Defendant filed his Motion to Set Aside Default [Doc. #13].

In support of his Motion to Set Aside Default, Defendant Wilkins submitted an affidavit [Doc. #13-1]. He states in his affidavit that he is the general manager for the Greensboro office of Transdev, a transit company that provides employees for the Greensboro Transit Authority ("GTA") under contract. Defendant further states that on September 30, 2015, an envelope containing the Summons and Complaint in this matter was placed on his desk at the GTA. Defendant says that he never signed a receipt for the letter and was unaware that it was sent by United States Postal Service certified mail. On the same day that he received the letter, Defendant forwarded the letter without its envelope to the regional human resources directors for Transdev. These directors forwarded the letter to Transdev's general counsel by email. Defendant thought no more of the matter until he received notice of Entry of Default from the Clerk of this Court on December 14, 2015. When Defendant received the notice of default, he immediately contacted one of the human resources directors who he understands contacted Transdev's general counsel.

Defendant Wilkins further states in his affidavit that with respect to the underlying claims in this case, an individual named Doris Rembert made a complaint to the GTA that Plaintiff "had made verbal threats to physically harm her if she rode the fixed route bus and also accused [Plaintiff] of stealing personal items from her home." (Affidavit ¶ 13 [Doc. #13-1].) An investigation followed and on March 11, 2015, Defendant Wilkins sent a letter to Plaintiff

2

recounting Ms. Rembert's allegations against him and advising him that his employment was terminated immediately. (Letter [Doc. #13-1 at 4-5].) In the letter, Defendant Wilkins notes that during a February 16, 2015, investigative meeting with Plaintiff, Plaintiff "admitted to helping not only Ms. Rembert, but also being a legal 'payee' for another female patron of GTA." (Id.) The letter also states that based on the "inappropriateness of [Plaintiff's] actions," the City of Greensboro requested that Plaintiff be "removed from operating any of its vehicles." (Id.) The letter advises Plaintiff that a provision of the contract between Transdev and the City of Greensboro requires the removal of employees, upon the city's or GTA's request, from activities within the scope of the contract. Because the City made such a request, the letter advises, Plaintiff's employment was terminated.

## II. MOTION TO SET ASIDE ENTRY OF DEFAULT

Pursuant to the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This "good cause" standard is to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). In determining whether "good cause" has been shown, the Court must consider (1) whether the moving party has a meritorious defense, (2) whether it acted with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the non-moving party, (5) whether there is a history of dilatory action, and (6) the availability of less drastic sanctions. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

In evaluating these factors, the Court first considers whether Defendant has raised a meritorious defense. In this case, Plaintiff brings claims against Defendant Wilkins for wrongful termination, and the Complaint also includes allegations of purported beach of contract and purported First Amendment violations, all related to Plaintiff's termination. (Complaint at 3.) However, Defendant Wilkins asserts that he was not Plaintiff's employer, and is instead simply a manager for Transdev, the company that provided drivers to GTA. Thus, it is not clear that Plaintiff has stated any claim for relief against Defendant Wilkins. It is also unclear whether Plaintiff is asserting federal constitutional claims, and if so, whether Defendant Wilkins is a proper Defendant for those claims. Further, if Plaintiff is asserting only state law claims, it is not clear if there is any basis for federal subject matter jurisdiction. It may be that Plaintiff intended to bring his claims against Transdev as his former employer. However, his present Complaint asserts claims against Defendant Wilkins, a North Carolina resident, and Plaintiff has not yet moved to amend his Complaint to name the appropriate party. Moreover, even if the claims are construed as claims against Transdev, Defendant Wilkins has submitted a proffer of evidence regarding Plaintiff's termination and the events at issue, as set out above, providing a potentially meritorious defense on the merits. For all of these reasons, it appears that there are potentially meritorious defenses that should appropriately be considered, and this factor favors setting aside the entry of default.

The second factor to consider is whether Defendant acted with reasonable promptness. Here, Defendant Wilkins acted with reasonable promptness to set aside the entry of default by

so moving 9 days after the entry of default, and only 4 days after receiving notice of the entry of default. Therefore, this factor also favors setting aside the entry of default.

The third factor to consider is whether Defendant was personally responsible for the default. Based upon Defendant Wilkins' affidavit, it appears that he should not be held personally responsible for the default. Although he was confused about whether the letter arrived by certified or regular mail, he timely forwarded the contents of the letter to corporate officials and ultimately to counsel, whom he reasonably believed would take the appropriate actions to respond to the summons and complaint. Therefore, this factor weighs in favor of setting aside the default.

The fourth factor to consider is whether Plaintiff will be prejudiced by setting aside the default. Here, Plaintiff does not cite any particular prejudice in his response brief, likely because of the speed with which Defendant acted to set aside the default. This factor weighs in favor of setting aside the default.

Finally, with respect to the fifth and sixth factors, there is no history of dilatory action by Defendant, and there are less drastic sanctions available to remedy Defendant's tardiness in appropriately responding to the summons and complaint in this matter. Therefore, these factors also weigh in favor of setting aside the entry of default.

Because the relevant factors weigh in favor of setting aside the default and good cause to do so has been shown, this Court should grant Defendant's Motion to Set Aside Default. Given that recommendation, Plaintiff's Motion for Default Judgment should be denied because there is no default upon which to enter that judgment.

5

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Set Aside Default [Doc. #13] be granted, that the Clerk's Entry of Default [Doc. #9] be set aside, and that Plaintiff's Motion for Default Judgment [Doc. #10] be denied.

This, the 1st day of August, 2016.

                                            /s/ Joi Elizabeth Peake
                                            United States Magistrate Judge